# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2763

_____

Ronnie K. Bayley,                         *
                                          *
          Appellant,                      *
                                          *    Appeal from the United States
     v.                                   *    District Court for the
                                          *    Western District of Arkansas.
Michael J. Astrue, Commissioner,          *
Social Security Administration,           *    [UNPUBLISHED]
                                          *
          Appellee.                       *

_____

Submitted: June 19, 2008
Filed: June 25, 2008

_____

Before BYE, SMITH, and BENTON, Circuit Judges.

_____

PER CURIAM.

Ronnie K. Bayley appeals the district court's[1] order affirming the denial of disability insurance benefits (DIB).  In a 2002 application Bayley--whose date last insured (DLI) was June 2001--alleged disability since 1998 from various physical problems, including bulging discs; he later added depression and anxiety.  Following

---

[1]The Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas, adopting the report and recommendations of the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas.

a remand for a second hearing in 2006, an administrative law judge (ALJ) found that (1) the medical evidence established a history of degenerative joint disease, degenerative disc disease with a cervical fusion, fibromyalgia, and knee surgery, but that these severe impairments were not of listing-level severity alone or combined; (2) Bayley's subjective complaints were not entirely credible; and (3) his past relevant work as an assignment clerk was consistent with his residual functional capacity (RFC) for sedentary work. After careful review of the record, for the following reasons we find no merit to Bayley's arguments for reversal, and thus we affirm. See Flynn v. Astrue, 513 F.3d 788, 792 (8th Cir. 2008) (standard of review); Pyland v. Apfel, 149 F.3d 873, 876 (8th Cir. 1998) (to qualify for DIB, claimant must show he was disabled before his DLI).

First, we conclude that the ALJ properly found no severe impairment based on Bayley's alleged depression and anxiety. See Kirby v. Astrue, 500 F.3d 705, 707 (8th Cir. 2007) (impairment is not severe if it is only slight abnormality that would not significantly limit mental ability to do basic work activities; claimant bears burden of establishing severe impairment). Second, we conclude the ALJ's credibility findings are entitled to deference. See Casey v. Astrue, 503 F.3d 687, 696 (8th Cir. 2007) (noting that when ALJ explicitly discredits claimant and gives good reasons for doing so, court will normally defer to credibility determination). Third, as to the ALJ's asserted failure to adopt the RFC opinions of three treating physicians, we find nothing in the records of two of them--who first saw Bayley the month of his DLI--indicating Bayley was disabled; and the RFC questionnaire of the third doctor was completed in February 2003, the only time he saw Bayley, and well after Bayley's June 2001 DLI. See Hacker v. Barnhart, 459 F.3d 934, 937 (8th Cir. 2006) (final RFC determination is left to ALJ); 20 C.F.R. § 404.1527(d)(2)-(6) (factors in determining weight to give treating physician's opinion). Fourth, we fail to see, and Bayley has not adequately explained, how the record established that he met or equaled the requirements for two specified listings. See Vandenboom v. Barnhart, 421 F.3d 745, 750 (8th Cir. 2005) (rejecting "out of hand" appellant's conclusory assertion that ALJ

failed to consider whether he met certain listings where appellant provided no analysis of relevant law or facts); <u>Johnson v. Barnhart</u>, 390 F.3d 1067, 1070 (8th Cir. 2004) (burden is on claimant to establish that his impairment meets or equals listing; to meet listing, impairment must meet all of specified criteria). As to Bayley's remaining arguments, they do not warrant discussion.

Accordingly, we affirm.

_____